**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | ) | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | No. 05-C-7029 (03-CR-190) |
| v. | ) | |
| | ) | HONORABLE DAVID H. COAR |
| **STEPHEN AZIA TENENG,** | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Before this Court is Petitioner Stephen Azia Teneng's ("Petitioner" or "Teneng") motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. §2255. (D.N.J. Case No. 05 C 1359, Docket No. 1; N.D. Ill. Case No. 05 C 7029, Docket No. 9 ("Habeas Pet.").) In a subsequent filing, Petitioner has also requested that this Court recharacterize his petition as one for *audita querela*, presumably based on the same arguments as those found in his habeas petition (Docket No. 22). For the reasons stated below, Petitioner's motions are DENIED.

**1.   BACKGROUND**

On July 24, 2003, Petitioner entered a plea of guilty to offenses 18 U.S.C. §§ 1542, 1029(a)(2) & 1028(a)(3). At a hearing held December 9, 2003, this Court found that enhancement of the sentence was warranted in light of the fact that Petitioner's actions involved: obstruction of justice; vulnerable victim; abuse of a position of private or public trust; and lack of acceptance of responsibility. After including these enhancements and applying the sentencing guidelines, the Court sentenced Petitioner to seventy-five months of imprisonment.

On January 27, 2004, Petitioner filed a direct appeal to the Seventh Circuit. Petitioner moved to voluntarily dismiss this appeal after the appellate court requested that he explain the basis on which it could assert jurisdiction. This motion was granted on May 25, 2004.

On March 9, 2005, Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of New Jersey. (*See* Habeas Pet.) In that petition, he alleges:

> The Court erred in enhancement of my sentence based on facts I did not admit nor were submitted to a Jury and found by a Jury beyond a reasonable doubt. Thus my six [sic] Amendment Right to U.S. Constitution was violated.
>
> In my case the Court acting by a judge found the enhancement and did not let me admit nor were presented to a Jury violates [sic] the teaching of the six [sic] Amendment to U.S. Constitution that requires that any facts other than prior conviction which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a Jury verdict must be admitted by the defendant or proved to a Jury beyond a reasonable doubt.

(*Id.* at 4-5.) The District Court in New Jersey held that it lacked jurisdiction to consider the petition because Petitioner had not shown that relief under Section 2255 was "inadequate or ineffective." (*See* 9/9/05 Opinion (D.N.J. Case No. 05 C 1359, Docket No. 5; N.D. Ill. Case No. 05 C 7029, Docket No. 10 at 10-17).) The district court recharacterized the petition as a Section 2255 motion and transferred the action to the Northern District of Illinois. (*See* 12/5/05 Order (D.N.J. Case No. 05 C 1359, Docket No. 8-1; N.D. Ill. Case No. 05 C 7029, Docket No. 10 at 21-22).) It was assigned to this Court on December 13, 2005. Petitioner stated that he intends to stand on the grounds set forth in his original petition. (*See* Letter from Stephen Teneg [sic] dated 1/17/06 (Docket No. 15).)

## 2. STANDARD

Federal courts may grant a motion attacking a sentence in a federal court by establishing that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the statutory maximum, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Federal prisoners can challenge the imposition or length of their detention if their conviction or sentence is based on an error that is "jurisdictional, constitutional, or is a fundamental defect which inherently results in a complete miscarriage of justice." *Oliver v. United States*, 961 F.2d 1339, 1341 (7th Cir. 1995) (internal quotations and citations omitted). If the reviewing court determines that such a defect exists in the judgment or sentence, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." *Id*.

In addition, after reviewing the Petitioner's motion, the government's response, and any record of prior court proceedings, the court will determine whether an evidentiary hearing is required. *See* Rule 8(a) of the Rules Governing Section 2255 Proceedings. "If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings; *see also Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990). Habeas corpus relief is reserved for extraordinary situations. *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996).

## 3. ANALYSIS

Petitioner seeks: (1) to have his sentence vacated, set aside, or corrected pursuant to 28 U.S.C. §2255; or (2) to have his petition recharacterized as one for *audita querela* pursuant to 28 U.S.C. § 1651, presumably based on the same arguments as those found in his habeas petition.

### a. Statute of Limitations

The Government argues that, according to the Antiterrorism and Effective Death Penalty Act ("AEDPA") Pub. L. No. 104-132, 110 Stat. 1214 (1996), this petition was not timely filed and therefore must be dismissed.

AEDPA amended the relevant terms of 28 U.S.C. § 2255 to create a one-year "period of limitation" during which a motion attacking a sentence must be filed. That limitations period begins to run from the latest of:

> (1) "the date on which the judgment of conviction becomes final;
>
> (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

28 U.S.C. § 2255(f).

From the nature of the motion, and based on his silence on this point, Petitioner does not argue any of the latter three bases for commencing the limitations period. Therefore, the one

year period commenced on "the date on which the judgment of conviction [became] final." *Id.* §2255(f)(1). Plaintiff's sentence was imposed on December 9, 2003, and judgment was entered on December 12, 2003. Finality was achieved once the opportunity for direct appeal expired,[1] or in other words, ten days after entry. *See* Fed. R. App. P. 4(b)(1)(A)*; see also, e.g., Chin v. U.S.*, 2007 WL 1544174 (C.D. Ill. 2007). Therefore, for limitations period purposes, finality was achieved on December 29, 2003 – once weekends and holidays are excluded – and allowed for timely filing of any Section 2255 motions for one year after that. Therefore, Petitioner was required to file any motion pursuant to 28 U.S.C. § 2255 on or before December 29, 2004.

However, Petitioner's Petition for Writ of Habeas Corpus was filed on March 9, 2005, then recharacterized as a Section 2255 motion and transferred to this Court. This does not meet the period of limitations requirement in this case. Therefore, Plaintiff's motion to vacate, set aside, or correct sentence is DENIED insofar as it is brought pursuant to 28 U.S.C. § 2255.

      b.      <u>Motion to Recharacterize Petition as one for *audita querela*</u>

Petitioner apparently concedes that the above analysis, or possibly some other argument advanced by Respondent, dispenses with his Section 2255 petition. (*See generally* Mot. to Recharacterize Pet.) However, he nonetheless asks the Court to recharacterize the petition as one for *audita querela* pursuant to 28 U.S.C. § 1651.[2]

---

[1]While a valid appeal would have tolled the limitations period, Petitioner did not file his until January 27, 2004, significantly after the last day for valid filing. This invalid filing provides no reason to delay the running of the period of limitations. *See Owens v. Boyd*, 235 F.3d 356, 357 (7th Cir. 2000) (an untimely state post-conviction petition does not toll the statute of limitations for a habeas petition).

[2] Section 1651 states, in its entirety: "(a) The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law. (b) An alternative writ or rule nisi

The authority provided to courts by 28 U.S.C. § 1651 cannot be used to circumvent the requirements for collateral attack under 28 U.S.C. § 2255. *See Carlisle v. United States*, 517 U.S. 416, 429 (1996) ("[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.") (quoting *Pennsylvania Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). The Seventh Circuit has held that any motion filed in the district court that imposed the sentence, and substantively falls within the scope of Section 2255, constitutes a Section 2255 motion regardless of the label placed on the motion by the Petitioner:

> Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004). The fact that Petitioner initially filed this case in the District of New Jersey does not change the characterization of the proceeding.

The scope of collateral attack afforded prisoners under Section 2255 is broad:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255. Substantively, Petitioner's arguments most resemble an argument "that any fact, other than a prior conviction, 'that increases the penalty for a crime beyond the prescribed

---

may be issued by a justice or judge of a court which has jurisdiction."

statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *U.S. v. Hernandez*, 330 F.3d 964 (7th Cir. 2003) (quoting *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)). The principles of *Apprendi* were well-developed at the time of Petitioner's sentencing, and were certainly available to him as a basis for appellate and/or collateral attack under the broad scope of Section 2255. *See., e.g.*, *McReynolds v. U.S.*, 397 F.3d 479, 480 (7th Cir. 2005) (considering an *Apprendi* claim brought pursuant to 28 U.S.C. § 2255). This Court therefore sees no basis for Petitioner's claim that "28 U.S.C. §§ 2241, 2255 cause of action [sic] could not redress my claims." (*See* Mot. to Recharacterize Pet. at 1.)

Similarly, Petitioner's argument is unavailing to the extent that it alleges changes in facts or law. (*Id.* ("Audita Querela [sic] is still available in criminal cases where there is a legal, as contrasted with an equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable pursuant to another post conviction remedy.")) Whether or not there is merit to this argument, neither the law nor the facts have changed from the last date on which Petitioner could have validly challenged his sentence.[3]

Petitioner could have brought this claim in a timely fashion pursuant to 28 U.S.C. § 2255 and the limitations period it contains. His failure to do so precludes any action that could have been brought under that Section. Therefore, Petitioner's motion to recharacterize this action as one for *audita querela* is DENIED.

---

[3]To the extent that the legal rationale for Petitioner's argument was impacted by *Booker*, this nonetheless has no effect on the instant case. *See United States v. Paladino*, 401 F.3d 471, 481 (7th Cir. 2005) (finding that defendants whose judgments became final before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) "would be out of luck, because Booker is not retroactive").

## 4. CONCLUSION

For the foregoing reasons, Petitioner's motion to dismiss pursuant to 28 U.S.C. § 2255 is DENIED. His motion to re-characterize this action as one for *audita querela* is also DENIED. This case is CLOSED.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **May 19, 2008**